

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

September 29, 1966

Honorable J. W. Edgar              Opinion No. C-771
Commissioner of Education
Texas Education Agency             Re:  Whether there is authority
Austin, Texas                           under Article 2922-13,
                                        Vernon's Civil Statutes,
                                        which defines physically
                                        handicapped, mentally
                                        retarded and emotionally
                                        disturbed children, to
                                        allocate exceptional
                                        children classroom units
                                        for special education of
                                        children who have only a
                                        language disability or
                                        handicap which is covered
Dear Dr. Edgar:                         by the Committee definition.

          You have requested the opinion of this office
upon the question of:

          "Is there authority under Article 2922-13
     (which therein defines physically handicapped,
     mentally retarded and emotionally disturbed
     children) to allocate exceptional children
     classroom units for special education of
     children who have only a language disability
     or handicap which is covered by the Committee
     definition?"

          The Committee definition mentioned in the fore-
going question was proposed by the Interim Committee on
Language Disorders in Children of the House of Representa-
tives and is set forth as follows:

          "Children who are deficient in the
     acquisition of language skills due to
     language disability where no other handi-
     capping condition exists may be considered
     language handicapped.  The areas of language
     skills are oral expression, reading, writing,
     spelling, and arithmetic.  A language dis-

-3703-

ability is considered the <u>inability of a</u>
<u>child of normal intelligence</u> to progress
normally with his peer group in language
skills." (Emphasis added.)

We are assuming that the phrase, "where no other
handicapping condition exists," as used in the Committee
definition, is meant to exclude children who are, "*physically*
*handicapped children*," "*mentally retarded children*," and
"*emotionally disturbed children*," as such terms are defined.

In paragraph (a) of Subsection (4) of Section 1
of Article 2922-13, Vernon's Civil Statutes, which provides
for the allocation of exceptional children teacher units,
provides in part that:

". . . .

"In interpreting and carrying out the
provisions of this Act the words '<u>exceptional</u>
<u>children</u>,' wherever used, will be construed
to mean <u>physically handicapped children</u>,
<u>mentally retarded children</u> and <u>emotionally</u>
<u>disturbed children</u>. The words '<u>physically</u>
<u>handicapped children</u>,' wherever used, will be
construed to include any child of educable
mind <u>whose body functions or members are so</u>
<u>impaired that he cannot be safely or adequately</u>
<u>educated in the regular classes of the public</u>
<u>schools</u>, without the provisions of special
services; the words '<u>mentally retarded children</u>,'
wherever used, will be construed to include any
child <u>whose mental condition is such that he</u>
<u>cannot be adequately educated in the regular</u>
<u>classes of public schools</u>, without the provision
of special services; and the words '<u>emotionally</u>
<u>disturbed children</u>,' wherever used, will be
construed to include any child <u>whose emotional</u>
<u>condition is medically determined and psycholog-</u>
<u>ically determined to be such that he cannot be</u>
<u>adequately educated in regular classes of the</u>
<u>public schools</u>, without the provision of special
services. . . ." (Emphasis added.)

Paragraph (a) of Subsection (4) of Section 1 of
Article 2922-13 provides for and authorizes the allocation
of exceptional children teacher units to provide educational

services for school children who are physically handicapped, mentally retarded, or emotionally disturbed. The proposed definition by the House of Representatives Interim Committee on Language Disorders in Children deals with a group of children of normal intelligence who have no handicapping conditions but are merely deficient in the acquisition of language skills and are unable to progress normally with their peer group in language skills.

In view of the foregoing, we are of the opinion that those children having a language disability such as defined in the definition by the Interim Committee on Language Disorders in Children, do not meet the statutory definition of "exceptional children" set forth in paragraph (a) of Subsection (4) of Section 1 of Article 2922-13, and there can be no allocation of "exceptional children" teacher units for special education of children who have merely a language disability of the nature set forth in the proposed definition by the Interim Committee on Language Disorders in Children.

### SUMMARY

Children having only a language skill deficiency, such as set forth in the definition proposed by the Interim Committee on Language Disorders in Children, do not meet the statutory definition of "exceptional children" set forth in paragraph (a) of Subsection (4) of Section 1 of Article 2922-13, Vernon's Civil Statutes, and there can be no allocation of "exceptional children" teacher units for special education of children with such a language disability.

Yours very truly,

WAGGONER CARR
Attorney General

By: *Pat Bailey*

Pat Bailey
Assistant

PB:sck

Hon. J. W. Edgar, page 4 (C-771)


APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman

Gordon Houser
Mary K. Wall
James Evans
Gilbert Pena

APPROVED FOR THE ATTORNEY GENERAL
BY:   T. B. Wright